**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1553

_____

MELVIN ALEXANDER MENDOZA-PEREZ,
                                                            Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
No. A206-256-999
Immigration Judge: Amanda Jeannopoulos

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 23, 2026

Before: RESTREPO, PHIPPS, and MASCOTT, *Circuit Judges.*

(Filed:  April 17, 2026)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge.*

Melvin Alexander Mendoza-Perez ("Mendoza-Perez") petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. We will deny the petition because the BIA and Immigration Judge ("IJ") properly dismissed his appeal as untimely and determined that, in any event, his application for asylum and protection fails on the merits.

## I.

Mendoza-Perez, a citizen of Guatemala, entered the United States as an undocumented child. Mendoza-Perez concedes that he is removable under 8 U.S.C. § 1182(a)(6)(A)(i). He applied for asylum and withholding of removal on the ground that he feared persecution in Guatemala due to membership in a particular social group ("PSG"), and protection under the Convention Against Torture ("CAT") due to the likelihood of future torture. Mendoza-Perez contends that he is a member of the proposed PSG, "young men without a parent or guardian who are actively recruited by gangs." [1] He testified that before he left Guatemala, he had been harassed and physically attacked by gang members attempting to recruit him.

On August 14, 2020, an IJ orally denied Mendoza-Perez's application for asylum, withholding of removal, and CAT protection. With respect to the asylum and withholding of removal claims, the IJ found that the harm that Mendoza-Perez suffered does not rise to the level of persecution and that the proposed PSG was not cognizable

---

[1] App. 26.

because it lacked particularity. The IJ denied Mendoza-Perez's request for CAT protection, reasoning that he failed to demonstrate: (1) that gang members would seek him out if he returned to Guatemala; (2) that any harm they inflicted would rise to the level of torture; and (3) that the government would acquiesce to any torture by the gang. The IJ concluded that Mendoza-Perez could safely relocate within Guatemala to a location other than his hometown and ordered his removal.

Mendoza-Perez reserved his right to appeal and was advised that any appeal had to be filed with the BIA by September 14, 2020. The BIA received Mendoza-Perez's appeal on September 17, 2020. The BIA dismissed the appeal as untimely and, in the alternative, concluded his appeal failed on the merits. We agree.

## II. [2]

The BIA dismissed Mendoza-Perez's appeal of the IJ's denial of his applications for relief as untimely. A notice of appeal must be filed with the BIA no later than 30 days after an IJ's decision."[3] A notice of appeal is deemed filed on "the date the Notice is received by the [BIA]."[4] "An appeal is not properly filed unless it is received at the [BIA] . . . within the time specified."[5] Failure to properly file renders the IJ's decision

---

[2] We exercise jurisdiction over a petition for review under 8 U.S.C. § 1252(a)(1).
[3] 8 C.F.R. § 1003.38(b).
[4] *Id.* § 1003.38(c).
[5] *Id.* § 1003.3(a)(1); *see also id.* § 1003.38(d).

final.[6] Mendoza-Perez does not challenge the BIA's decision to dismiss his appeal as untimely, and has thus waived this ground on appeal.[7]

But even assuming Mendoza-Perez timely appealed, he also fails on the merits. The BIA properly determined that Mendoza-Perez was not entitled to asylum. The BIA's "factual findings are subject to substantial-evidence review and may not be set aside 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'"[8]

The BIA affirmed the IJ's denial of asylum and withholding of removal because Mendoza-Perez did not show membership in a cognizable PSG. A PSG must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."[9] Particularity requires the PSG to have definable boundaries that are not overbroad to provide a clear standard for determining membership.[10] Social distinction asks "whether the people of a given society would perceive a proposed group as sufficiently separate or distinct."[11] We recognize that, in articulating the particularity and social-distinction requirements, "persecutory conduct alone cannot define a group."[12]

---

[6] 8 C.F.R. § 1003.39.

[7] *See Khan v. Att'y Gen.*, 691 F.3d 488, 495 n.4 (3d Cir. 2012) (an issue is waived unless a party raises it in its opening brief).

[8] *Galeas Figueroa v. Att'y Gen. United States*, 998 F.3d 77, 91 (3d Cir. 2021) (citing 8 U.S.C. § 1252(b)(4)(B)).

[9] *S.E.R.L. v. Att'y Gen. United States of Am.*, 894 F.3d 535, 547 (3d Cir. 2018) (citation omitted).

[10] *Inestroza-Tosta v. Att'y Gen.,* 105 F.4th 499, 518 (3d Cir. 2024)*, abrogated in part on other grounds, by Riley v. Bondi*, 606 U.S. 259, 267–73 (2025).

[11] *Id.*

[12] *Radiowala v. Att'y Gen. United States*, 930 F.3d 577, 585 (3d Cir. 2019) (citing *S.E.R.L.,* 894 F.3d at 549).

Here, Mendoza-Perez's proffered PSG of "young men without a parent or guardian who are actively recruited by gangs" fails the particularity and social-distinction requirements.[13] Mendoza-Perez argues that his PSJ is not defined by the persecution suffered by its members, contending that the PSG exists independently and that gangs target the PSG's members because of their perceived usefulness. Yet he fails to explain how "young men without a parent or guardian who are actively recruited by gangs" differ from the broader public that gangs actively recruit.[14] Furthermore, although Mendoza-Perez attempts to define "young men" as those "between the ages of approximately 10–17,"[15] members who are "actively recruited by gangs" remain subjective and not easily definable.[16]

The BIA also affirmed the denial of Mendoza-Perez's request for CAT. CAT relief requires a showing "that it is more likely than not that [the applicant] would be tortured if removed to the proposed country of removal."[17] Torture must be: "(1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for an illicit or proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and

---

[13] *Id.* at 585 (holding a group "targeted" for its members' "willingness to speak the truth at great risk to themselves" is not cognizable as impermissibly defined by the harm or potential harm posed to its members).

[14] *Radiowala*, 930 F.3d at 584 (reasoning "a group comprised of [confidential informants] is indistinguishable from those in the general public whom a criminal gang might otherwise suspect as having informed on it").

[15] Petitioner Br. 6.

[16] *Khan v. Att'y Gen. of United States*, 691 F.3d 488, 498 (3d Cir. 2012) (holding groups defined by subjective value judgments are not easily definable).

[17] 8 C.F.R. § 1208.16(c)(2) (2020).

(5) not arising from lawful sanctions."[18]  A government acquiesces when it is aware of torture and breaches its duty to intervene; put more simply, it is willfully blind to it.[19] We agree with the BIA and IJ that Mendoza-Perez has identified no record evidence that compels the conclusion that he is likely to be tortured in Guatemala with the consent or acquiescence of government officials.  Because he failed to prove torture or acquiescence by the government to support CAT relief, he fails on the merits.[20]

### III.

In conclusion, the BIA and IJ properly dismissed his appeal as untimely and determined that, in any event, the record evidence, considered as a whole, was insufficient to justify relief.  We will affirm the determination of the BIA denying Mendoza-Perez's application for asylum, withholding of removal, and protection under CAT.

---

[18] *Myrie v. Att'y Gen. United States*, 855 F.3d 509, 515 (3d Cir. 2017).
[19] *Id.* at 516.
[20] *Galeas Figueroa,* 998 F.3d at 92; *Espinosa-Cortez v. Att'y Gen.*, 607 F.3d 101, 106 (3d Cir. 2010) (recognizing that substantial-evidence review is "highly deferential" to the agency).